IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03594-KLM

TILITHA ALLEN,

　　　　Plaintiff,

v.

WAL-MART STORES, INC.,

　　　　Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　　　This matter is before the Court on Defendant's **Motion to Strike** [#22][1] ("the Motion").  Plaintiff filed a Response [#29] in opposition to the Motion, and Defendant filed a Reply [#30].  Defendant also filed a Notice of Supplemental Authorities (the "Notice") [#31].  The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#22] is **GRANTED**.[2]

　　　　Plaintiff brings this action asserting gender discrimination during her employment with Defendant.  Plaintiff claims disparate treatment in compensation and promotions. *Compl.* [#1] at 9.  Prior to this case, Plaintiff was a member of the class action lawsuit

_____

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See* [#11, #12].

*Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338 (2011).  *Id.* at 1.  There, the Supreme Court reversed the certification of a nationwide class which alleged sex discrimination in compensation and promotions.  *Id.*

Here, attached to Plaintiff's Complaint [#1] is Exhibit 1 [#1-2] titled "Factual Background, Procedural Posture, and Wal-Mart Corporate Policies."  *Id.* at 2.  Plaintiff argues that this document provides the Court with "background information . . . and policies that pre or postdate Plaintiff's employment in support of the discriminatory culture at Wal-Mart."  *Id.* at 2 n.1.  Plaintiff argues that Exhibit 1 gives the history of (1) Wal-Mart's pay structure that adversely affected women; (2) promotion standards that show discrimination against women; and (3) an overall negative view of women in the workplace from upper management that included the CEO.  *Ex. 1* [#1-2] at 1.

In the Motion [#22], Defendant makes two arguments for striking Exhibit 1 [#1-2] under Fed. R. Civ. P. 12(f).  *Motion* [#22] at 2.  First, Defendant argues that, for the purposes of Fed. R. Civ. P. 10(c), Exhibit 1 [#1-2] is not considered a "written instrument." *Id.*  Second, Defendant argues that Exhibit 1 makes it difficult for Defendant to understand the scope of Plaintiff's claims.  *Id.* at 4.  According to Defendant, Exhibit 1 [#1-2] contains unsworn allegations of the kind that could be included in the Complaint [#1] but are improperly in the Exhibit, thus forcing Defendant to decipher the scope of the allegations against it.  *Id.*  Therefore, Defendant argues that it is forced to decide how to respond to Exhibit 1's allegations.  *Id.*  Defendant concedes that it is not required to respond to these allegations provided only in an exhibit but that, if left unanswered, the allegations would cause unnecessary confusion about what information is relevant in the lawsuit.  *Id.*

In the Response [#29], Plaintiff argues that Exhibit 1 [#1-2] should not be stricken from the Complaint [#1]. *Response* [#29] at 1. Plaintiff makes two arguments for including the exhibit. *Id.* at 4-5. First, Defendant fails to meet the legal standard for a motion to strike under Rule 12(f), and second, Defendant's argument fails under Rule 10(c). *Id.* Plaintiff further asserts that Defendant's Motion [#22] is an attempt to dispose of facts that it does not like. *Id.* at 7. Plaintiff asserts that the purpose of Exhibit 1 is to provide "supporting evidence" that "hundreds of women have similar issues, that pay disparity was rampant and that Wal-Mart did nothing to combat the problem." *Id.*

In the Reply [#30], Defendant reiterates its position set forth in the Motion [#22] that Exhibit 1 [#1-2] is not a "written instrument" under Rule 10(c). *Reply* [#30] at 2. Further, Defendant argues that Exhibit 1 [#1-2] causes confusion, prejudices Defendant, and is immaterial and redundant; therefore, it must be stricken under Rule 12(f). *Id.* at 7-9.

In its supplemental Notice [#31], Defendant also provides a recently issued "Memorandum Opinion and Order" from *Devault v. Wal-Mart, Inc.*, Case No. 1:20-cv-00372-PAB (N.D. Ohio Apr. 23, 2020). *Notice* [#31] at 1 (citing *Ex. A.* [#31-1]). Similar to the case before the Court, in *Devault*, Plaintiff attached the same exhibit to the complaint. *Id.* There, the court found that the exhibit did not fall under the definition of a "written instrument" according to Rule 10(c). *Id.* The court granted the defendant's motion to strike the exhibit from the complaint under Rule 12(f) but allowed the plaintiff to amend the complaint to add any relevant allegations from the exhibit. *Ex. A* [#31-1] at 4.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f). "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial"). Motions to strike are disfavored and will only be granted under the rarest of circumstances. *See Sierra Club*, 173 F.R.D. at 285.

The Court finds that, under Fed. R. Civ. P. 10(c), Exhibit 1 [#1-2] does not qualify as a "written instrument." The Federal Rules of Civil Procedure provide that "[a] copy of any written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). A "written instrument" is a document that:

> consist[s] largely of documentary evidence, specifically, contracts, notes, and other writing on which a party's action or defense is based. *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (quoting *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir.1989)); *cf. United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that a document may be considered part of a complaint even if not attached when the document forms the basis of the plaintiff's claims or the allegations refer extensively to it).

*Montgomery v. Buege*, No. 08-385, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009). Further, Black's Law Dictionary defines an "instrument" as a "written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate." *Instrument*, BLACK'S LAW DICTIONARY (11th ed. 2019). Conversely, witness affidavits and other exhibits containing largely evidentiary materials are not considered "written instruments" under Rule 10(c). *See generally Nkemakolam v. St. John's Military Sch.*, 876 F Supp. 2d 1240, 1247 (D. Kan. 2012); 5

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (2008) (providing that "exhibits containing extraneous or evidentiary material should not be attached to the pleadings" pursuant to Rule 10(c)). Courts routinely grant motions to strike exhibits that are attached to the complaint when those exhibits do not meet the standard of a "written instrument" under Rule 10(c). *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Montgomery*, WL 1034518, at *3; *DeMarco*, 149 F. Supp. 2d at 1220.

Defendant correctly asserts that Exhibit 1 contains "unsworn witness declarations that lack an identified witness." *Motion* [#22] at 2. The Court finds that even if, as Plaintiff asserts, the Exhibit constitutes "evidence," the precedent outlined above demonstrates that the Exhibit is not a "written instrument" under Rule 10(c). Further, the Court finds that Defendant will be prejudiced if Exhibit 1 is not stricken, because the forty-six paragraphs of additional allegations are not part of the original Complaint [#1]. Thus, Defendant is not required to answer or otherwise respond to them, and the allegations would remain unanswered by Defendant. *Reply* [#30] at 2 n.1; *see U.S. v. Erie County, NY*, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010). Finally, there is no indication why the allegations found in Exhibit 1 cannot be formally added to an Amended Complaint, to the extent deemed appropriate by Plaintiff. Therefore, the Motion [#22] is **granted** to the extent that Plaintiff's Exhibit 1 [#1-2] to the Complaint [#1] is **stricken**.

Thus, Plaintiff may file an Amended Complaint to include the information from Exhibit 1. Defendant argues that, because Exhibit 1 "contain[s] redundant and immaterial allegations, Plaintiff's alternative request for leave to amend should be denied." *Reply* [#30] at 9 n.5. Here, the Court finds that argument unpersuasive and premature because

the Defendant, as well as the Court, does not know which portions of Exhibit 1 [#1-2] will be included in the Amended Complaint, and it is not clear at this time how many of the allegations, if any, are actually redundant and/or immaterial.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#22] is **GRANTED**.

IT IS FURTHER **ORDERED** that Exhibit 1 [#1-2] to the Complaint [#1] is **STRICKEN**.

IT IS FURTHER **ORDERED** that Plaintiff may file an Amended Complaint **no later than June 19, 2020**.

Dated: June 3, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge